59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David HOLMES, Defendant-Appellant.
 No. 94-2290.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1995.
 
 Before: JONES, GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Holmes appeals the district court's revocation of his term of supervised release, contending that his orally pronounced sentence did not include a term of supervised release, so that he could not be held responsible for violating the terms of his supervised release. We affirm.
 
 
 2
 * Holme's current sentence was entered after this court remanded his original appeal for resentencing. United States v. Holmes, 983 F.2d 1069 (6th Cir. 1992) (Table), 1992 WL 393583. Holmes was convicted and sentenced on seven counts of mail fraud, in violation of 18 U.S.C. Sec. 1341; one count of bank fraud, in violation of 18 U.S.C. Sec. 1344; and eight counts of interstate transportation of a forged check, in violation of 18 U.S.C. Sec. 2314. At sentencing, the judge departed downward to 18 months so that Holmes would be eligible to serve his time in a community correctional facility. He was sentenced to eighteen months on each count to run concurrently, three years supervised release, $26,123.81 in restitution, and an $800 special assessment.[1] The government cross-appealed Holmes's sentence, and we remanded for resentencing, finding that the sentencing court had provided legally insufficient reasons for departing downward from the 21-month sentence prescribed in the Guidelines. Holmes, 1992 WL 393583 at * * 8.
 
 
 3
 At resentencing, the court orally increased his sentence to 21 months for each count, to run concurrently. However, the court did not orally repeat the supervised release term. The written judgment included the 21-month term of incarceration, three years supervised release, a special assessment fee of $800, and restitution of $26,123.81.
 
 
 4
 After serving his time in prison, Holmes did not comply with supervised release requirements. On September 9, 1994, the district court conducted a supervised release violation hearing. The judge instructed Holmes to cooperate with the probation department by reporting regularly, producing documents, paying the special assessment, and paying $100 a month toward the restitution. The court then adjourned the matter for 60 days.
 
 
 5
 On November 8, the district court again evaluated Holmes's release, and found that he had not followed the court's payment order, nor had he reported to the probation department as instructed. The court found him in violation of his supervised release, revoked his release and sentenced him to nine months imprisonment.
 
 II
 
 6
 Holmes argues on appeal that he should only be held to the terms of his sentence as orally pronounced by the sentencing judge at resentencing. When there is a discrepancy between an orally imposed sentence and the written judgment, the oral sentence generally controls. United States v. Schultz, 855 F.2d 1217, 1225 (6th Cir. 1988); United States v. Villano, 816 F.2d 1448, 1451 (10th Cir. 1987) (en banc) (citing cases). Yet, "[w]here there is ambiguity [in the oral sentence], courts have usually been able to divine the intent of the sentencing judge" by, for example, looking at the written judgment. Schultz, 855 F.2d at 1225.
 
 
 7
 In Holmes's case, the court repeated only the term of imprisonment at resentencing, which, we note, is identical to that term as conveyed in the written judgment. The court did not repeat the special assessment term, restitution term, or term of supervised release. However, the government appealed only the imprisonment term of his initial sentence, and received an order remanding this case for resentencing on this sole issue. The intent of the sentencing judge was to modify Holmes's original sentence to conform with the opinion of this court, not to replace wholesale Holme's original sentence with only the orally pronounced sentence of incarceration.
 
 
 8
 We find that the other aspects of Holmes's sentence, including the term of supervised release, were still in effect, and we AFFIRM.
 
 
 
 [1]
 During sentencing the court advised Holmes of the terms of his release:
 [Y]ou will be placed on a term of supervised release for a period of three years on each count to run concurrently. You will be ordered to sign a promissory note with the United States Attorney's Office to pay restitution in the amount of $26,123.81 on such terms and conditions as they shall set.... When you are on supervised release, you are ordered to abide by the standard conditions of supervised release. You will sign this promissory note, as I have indicated. You will be prohibited from possessing a firearm or any other dangerous weapon, and you are prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer unless you are in compliance with the promissory note terms, and you're required to provide the probation officer access to any requested financial information.